UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACI M. R., *on behalf of* B.O., *a minor*,[1]

                         Plaintiff,                  5:21-cv-612 (BKS/DEP)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                         Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Hugh Dun Rappaport, Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff Traci M. R. filed this action on behalf of Claimant B.O., her son and a minor

during the relevant time period, under 42 U.S.C. § 405(g) seeking review of a decision by the

---

[1] In accordance with the local practice of this Court, the Court has abbreviated Plaintiff's last name as well as the name of the minor on whose behalf Plaintiff brings this action.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

Commissioner of Social Security (the "Commissioner") denying Claimant's application for Supplemental Security Income ("SSI") benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge David E. Peebles for a Report and Recommendation. (Dkt. No. 23); N.D.N.Y. L.R. 72.3(d). On October 14, 2022, after reviewing the parties' briefs and the Administrative Record, (Dkt. Nos. 14, 19, 22),[3] and holding oral argument, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 25). Plaintiff has filed objections to the Report and Recommendation, (Dkt. No. 26), and Defendant responded, (Dkt. No. 27). For the following reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 14), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

**III.   ANALYSIS**

The parties have not raised any objections to the background or the legal framework set forth in the Report and Recommendation. (*See* Dkt. No. 25, at 2–12). The Court therefore adopts Magistrate Judge Peebles's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report and Recommendation, Magistrate Judge Peebles found that substantial evidence supported Administrative Law Judge ("ALJ") Kenneth Theurer's evaluation of the opinion of Claimant's primary care physician, Dr. Fadi Alass, and the ALJ's overall conclusion that Claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings. (Dkt. No. 25, at 12–30). The ALJ concluded that Dr. Alass's March 31, 2020 opinion that Claimant had a number of limitations was "not persuasive." (R. 24–25). Plaintiff objects that the ALJ's conclusion is "unsupported," raising a number of arguments to support her contention that the conclusion is "predicated on improper mischaracterization and selective reading of the evidence, as well as a legally erroneous evaluation of the opinion evidence." (Dkt. No. 26, at 1). At this stage of the proceeding, however, the Court reviews the Magistrate Judge's findings and recommendations. The Court thus addresses Plaintiff's arguments to the extent she has raised a specific objection to the Report and Recommendation.

**A.   Subjective Reports**

In concluding that Dr. Alass's opinion was not persuasive, the ALJ noted that, while Dr. Alass's treatment notes "indicate some issues with anger, difficulty with focus, distractibility and

3

organization, this information was provided by the claimant's mother." (R. 25 (internal citation omitted)). In her initial brief, Plaintiff argued that, contrary to the ALJ's statement, Claimant "reported his own" symptoms. (Dkt. No. 19, at 15). Magistrate Judge Peebles addressed this argument and interpreted the ALJ's analysis as being that the subjective reports, "whether they were made by claimant or his mother, were not corroborated by any objective findings by Dr. Alass in his examinations." (Dkt. No. 25, at 19). Indeed, in the sentence following his statement about Plaintiff's reports, the ALJ notes that the "extreme limitations opined by Dr. Alass are not supported by his mental exam findings of interactive behavior and normal eye contact and affect for [Claimant's] age." (R. 25). Plaintiff now objects that Magistrate Judge Peebles's analysis "misses the point: the ALJ never explained why symptom reports of Plaintiff specifically would undermine the opinion of Dr. Alass." (Dkt. No. 26, at 2).

The Court finds no error in Magistrate Judge Peebles's conclusion that the ALJ relied on the subjective nature of the symptom reports contained in Dr. Alass's treatment notes. This is a reasonable reading of the ALJ's analysis, and the subjective nature of reported symptoms is a valid factor for an ALJ to consider when assessing the persuasiveness of a medical opinion. *Cf. Kathleen A. v. Comm'r of Soc. Sec.*, No. 20-cv-1034, 2022 WL 673824, at *4, 2022 U.S. Dist. LEXIS 29926 (N.D.N.Y. Mar. 7, 2022) ("The supportability analysis focuses on 'how well a medical source supported their opinion(s) with *objective* medical evidence and supporting explanations.'" (emphasis added) (citation omitted)). Accordingly, the Court finds no error in the Report and Recommendation's conclusion that the ALJ did not improperly consider the subjective nature of the reports made to Dr. Alass.[4]

---

[4] Plaintiff's arguments regarding who reported the symptoms at issue and whether objective evidence of the reported symptoms exists elsewhere in the record are a "rehashing of the same arguments" raised in her opening brief, *Ortiz*, 558 F. Supp. 2d at 451, and are not directed at any purported error in the Report and Recommendation, rather than the ALJ's decision.

B.        **Claimant's Absences from School**

Plaintiff asserts that there is "no support in the record for [a teacher's] false claim that Claimant misses school because his mother keeps him home to babysit." (Dkt. No. 26, at 6; *see* R. 232–39 (teacher's opinion stating that Claimant would leave school "1/2 day to babysit" and that his "mother depends on him to babysit his sister"), R. 50 (Claimant's hearing testimony denying that he was babysitting when absent from school)). Plaintiff cites this as a basis for objecting to Magistrate Judge Peebles's statement that there is "no evidence in the record to indicate that claimant was absent due to his physical or mental impairments." (Dkt. No. 26, at 6 (citing Dkt. No. 25, at 26)).

As an initial matter, the Court notes that Magistrate Judge Peebles's statement, while seemingly categorical, was followed by a discussion which acknowledged indications in the record that at least some of Claimant's many absences were "due to feeling sick." (Dkt. No. 25, at 26). However, Magistrate Judge Peebles noted that the medical record did not "corroborate stomach issues or diarrhea at an ongoing level" that would explain Claimant's absences and that there is "no indication that claimant took medication to manage his anxiety" to the extent that anxiety contributed to his absences. (*Id.*). Plaintiff has not pointed to any error in this analysis. Furthermore, neither the ALJ nor the Report and Recommendation relied on the teacher's statement as to the *reason* for Claimant's absences; rather, the ALJ relied on the teacher's opinion that Claimant would perform better in school if he were to regularly attend. (*See* R. 23).[5]

---

[5] The Court also notes that, when evaluating the consistency of Dr. Alass's opined limitations for Claimant with other evidence in the record, the ALJ did not rely on the teacher's opinion about absenteeism. (R. 25). Rather, the ALJ determined that Dr. Alass's opinion was not consistent "with the observations of the claimant's teachers that he is polite and friendly to adults and peers, kind and well liked when in school and has no more than slight problems in the mental functioning domains." (*Id.*).

Thus, the Court finds no error in Magistrate Judge Peebles's analysis of the teacher's statement or the reason for Claimant's absences.

## IV. CONCLUSION

The remainder of Plaintiff's objections are directed at the ALJ's analysis and do not properly object to specific portions of the Report and Recommendation itself. Accordingly, the Court has reviewed the remainder of the Report and Recommendation for clear error and found none.

For these reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 25) is **ADOPTED**; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: December 20, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge